**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STANLEY HERRING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-CV-1740 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| RHU STAFF'S, | ) | |
| | ) | Re: ECF Nos. 7 and 8 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Amended Complaint, ECF No. 8, as supplemented by the initial Complaint, ECF No. 7,[1] be dismissed, *sua sponte,* pursuant to 28 U.S.C. § 1915(e)(2)(b) as frivolous, malicious, or failing to state a claim upon which relief may be granted. Plaintiff's claims should be disposed as follows.

- To the extent that he raises them, any claims raised by Plaintiff against prison staff in their official capacities for damages, or against the RHU itself, should be dismissed with prejudice.
- Plaintiff should be given leave to file a second amended complaint with respect to his Eighth Amendment claims.
- To the extent that he intends to bring one, Plaintiff's Fourteenth Amendment due process claim regarding lost property should be dismissed without prejudice to refiling in state court, if appropriate.

## II. REPORT

Plaintiff Stanley Herring ("Herring") is a state prisoner currently incarcerated in the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. This action was

[1] Because Herring is proceeding in this matter *pro se*, this Court liberally construes the Amended Complaint to incorporate the additional facts alleged in the attachment to the initial Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2004).

commenced on November 7, 2025, with the receipt of Herring's *pro se* initial Complaint. ECF No. 1-1. The initial Complaint was submitted on this Court's standard § 1983 prisoner civil rights complaint form, and it only names "RHU Staff's" as the sole Defendant. ECF No. 7 at 1. Along with the initial Complaint, Herring filed a motion for leave to proceed *in forma pauperis* ("IFP") and proper supporting documentation. That IFP motion was granted on July 28, 2026. ECF No. 6.

### A. Factual Background

It is difficult to discern the precise nature of Herring's claims, as the initial Complaint is seriously lacking in factual details. In the space provided on the form to list the facts underlying his claims, Herring simply writes, "no boxers, t-shirts, sock, kop meds, toilet paper. The RHU Staff. Everyone on I-block." ECF No. 7 at 5. In an attachment to the initial Complaint, Herring slightly elaborates his allegations. Id. at 12. He states that he was placed in a "camera cell" and provided with clothing that did not cover his private areas, that he was not given toilet paper, eyeglasses, "KOP meds," toiletries, soup, or showers for several days, and that items of his property were missing when he was removed from individual confinement. Id. at 12-13. He also alleges that unnamed prison staff informed other inmates of Plaintiff's charges "so [he] would be in danger." Id. at 13. Plaintiff does not explain what those charges were.

On December 22, 2025, this Court issued a Deficiency Order requiring Herring to file an amended complaint which complied with the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. ECF No. 4 at 1. Herring was given a deadline of January 21, 2026, to do so. Id. at 7. A copy of the Deficiency Order was mailed to Herring at his address of record along with a blank § 1983 prisoner civil rights complaint form. Id.; ECF No. 4-1.

On January 6, 2026, Herring filed an amended complaint on the form provided by the Court (the "Amended Complaint"). ECF No. 8. The Amended Complaint contains even less information than Herring's initial Complaint. In the section provided to state the facts underlying his claim, Herring writes, "1) no boxers, t-shirts, socks, my KOP meds, toilet paper, 2) the RHU Staff's, 3) NO 4) Everyone on I-block (RHU)." Id. at 5. No further explanation or elaboration was attached to the Amended Complaint.[2]

**B. Legal Standard**

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

To satisfy this standard, sufficient facts must be pleaded to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A document filed *pro se* is 'to be liberally construed,'[] and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

[2] Herring defines "KOP Meds" as "keep on person meds." ECF No. 5 at 5.

**1. Official capacity claims for damages and claims against the Commonwealth and its entities should be dismissed.**

The nature of Herring's claims is not entirely clear. To the extent that Herring seeks to bring a Section 1983 claim for damages under the Eighth Amendment against prison staff in their official capacities, such a claim is barred by the Eleventh Amendment. A suit against a state official acting in his or her official capacity is really a suit against the state itself, Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989), and § 1983 suits against states in federal court are barred by the Eleventh Amendment. Id. at 66. See also Durham v. Kelly, 82 F.4th 217, 227 (3d Cir. 2023) ("[The Eleventh Amendment] imposes a jurisdictional bar against individuals bringing suit against a state or its agencies in federal court, or against a state official in his or her official capacity.").

Likewise, even if Herring intends to bring his claim against "RHU Staff's" as a single institution or entity, "governmental entities that are considered 'arms of the state'" are not "persons" for the purposes of § 1983, and such a claim must fail. Will, 491 U.S. at 70 - 71.

**2. Plaintiff fails to state a claim that any Defendant violated his rights under the Eighth Amendment.**

To the extent that Herring seeks to bring a Section 1983 claim under the Eighth Amendment against prison staff in their individual capacities, he has failed to allege facts sufficient to plausibly state a claim. A Section 1983 conditions of confinement claim under the Eighth Amendment requires two elements: 1) the deprivation is sufficiently serious; and 2) the prison officials acted with a sufficiently culpable state of mind. Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2022). To act with a sufficiently culpable state of mind, a prison official must manifest "deliberate indifference" to a prisoner's wellbeing. Id.; see also Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To be liable on a deliberate indifference claim, a defendant prison official must both

'know[] of and disregard[] an excessive risk to inmate health or safety.'" Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Here, Herring names "RHU Staff's" as the sole Defendant without identifying individual prison staff or referencing John Does. In the initial Complaint, Herring alleges that "C.O.s" provided him inadequate clothing, ECF No. 5 at 12, moved him to a "camera cell," id., and failed to provide him with toiletries, medication, soup, and showers, id. at 13.

Even if this Court liberally construes Herring's Amended Complaint to incorporate all of these allegations, Herring has not pleaded any facts from which it may be inferred that an individual Defendant was aware of or deliberately disregarded an excessive risk to his health or safety. Thus, Herring's Amended Complaint offers no support for critical elements of his claim, and he has failed to "nudge[] his claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Indeed, what facts are alleged are insufficient to state a claim for a violation of the Eighth Amendment. For example, Plaintiff's allegations that he was denied showers and hygiene products for a few days, see ECF No. 8 at 5, has been held to be insufficient to state a claim under the Eighth Amendment. See, e.g., Fortune v. Hamberger, 379 F. App'x 116, 122 (3d Cir. 2010) (denial of showers, exercise, and hygienic materials for period of 15 days while in RHU not sufficiently serious to implicate Eighth Amendment).

Likewise, Plaintiff's allegation that he was forced to wear torn clothing while in a camera cell for that period of time is insufficient because – at the very least – he does not allege that he was exposed to other inmates, or that he was unable to otherwise cover himself while in solitary confinement. See, e.g., Marlow v. Blount Cnty. Jail, No. 3:21-CV-151, 2021 WL 2594793, at *4 (E.D. Tenn. June 24, 2021) (allegations that jail showers have camera surveillance and inmate was

forced to wear uniform "with the crotch torn out" insufficient, without more, to state Eighth Amendment claim.).

Further, Plaintiff's allegation that the confiscation of his KOP medication resulted in his inability to use the bathroom for a few days, ECF No. 8 at 5, does not provide enough information to state a serious medical need. Even if it did, Plaintiff fails to allege that Defendant was aware of the issue, or that he requested – much less was denied – administration of this KOP medication from prison staff while he was in the RHU.

Finally, Plaintiff's allegation that prison staff informed other inmates of his charges – without more – is insufficient to state an Eighth Amendment claim. See Leppien v. Harry, No. 3:23-1773, 2025 WL 539955, at *12 (M.D. Pa. Feb. 18, 2025) (allegation that prison staff informed other inmates that the plaintiff was a sex offender was sufficient to state a failure to protect claim; the fact that the plaintiff ultimately was not harmed precluded damages, but did not foreclose injunctive relief). Here, Plaintiff simply has not alleged enough facts on this score in the initial Complaint and Amended Complaint to state a plausible claim on this basis.

When a complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile," even if the plaintiff does not seek leave to amend. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). See also Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976) ("[W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time."). This Court already has afforded Herring an opportunity to cure the deficiencies in his initial Complaint, and provided him with detailed guidance on how to do so. ECF No. 4 at 2-6. Herring's Amended Complaint does not conform to

these instructions, and it provides even less detail than in the initial Complaint. Nevertheless, out of an abundance of caution, it is recommended that Herring be granted leave to file a second amended complaint which cures the deficiencies identified herein with respect to his Eighth Amendment claims. The Court should further caution Herring that failure to timely file such a second amended complaint will result in dismissal of this case.

### 3. Fourteenth Amendment property claim pursuant to 42 U.S.C. § 1983

Herring notes in his initial Complaint that items of his personal property were missing when he was removed from individual confinement, ECF No. 7 at 13, and he seeks damages for "removing things from my boxes." Id. at 14.

Even if Herring had plausibly alleged specific actions by individual Defendants, he could not bring a due process claim deprivation of property claim in this Court. Instead, a claim necessarily fails "if a meaningful post-deprivation remedy is available for the loss." Hudson v. Farmer, 468 U.S. 517, 533 (1984).

The United States Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Corrections' grievance procedure (which Plaintiff admits he pursued, although unsuccessfully) "provides an adequate post-deprivation remedy" for prisoners making claims for damage to or loss of personal property. Durham v. Dept. of Corrs., 173 F. App'x 154, 157 (3d Cir. 2006). So too it has been recognized that Plaintiff has an adequate state remedy through a state-court lawsuit. Ray v. Rogers, No. 2:12CV985, 2014 WL 1235905, at *3 (W.D. Pa. Mar. 25, 2014).

Thus, it is recommended that any Fourteenth Amendment due process deprivation of property claim be dismissed without prejudice to refiling in state court, if appropriate.

## III. CONCLUSION

Based on the foregoing reasons, it is respectfully recommended that the Amended Complaint, ECF No. 8, as supplemented by the initial Complaint, ECF No. 7, be dismissed, *sua sponte,* pursuant to 28 U.S.C. § 1915(e)(2)(b) as frivolous, malicious, or failing to state a claim upon which relief may be granted. Plaintiff's claims should be disposed as follows.

- To the extent that he raises them, any claims for damages raised by Plaintiff against prison staff in their official capacities, or against the RHU itself, should be dismissed with prejudice.

- Plaintiff should be given leave to file a second amended complaint with respect to his Eighth Amendment claims.

- To the extent that he intends to bring one, Plaintiff's Fourteenth Amendment due process claim regarding lost property should be dismissed without prejudice to refiling in state court, if appropriate.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: August 3, 2026

Respectfully submitted,

Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Hon. W. Scott Hardy
United States District Judge

Stanley Herring
QR-0631
SCI-Greene
169 Progress Drive
Waynesburg, PA 15370