IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY HERRING,<br><br>Plaintiff,<br><br>v.<br><br>RHU STAFF'S,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-1740<br><br>District Judge Robert J. Colville<br>Magistrate Judge Maureen P. Kelly |

**ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 9) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Judge Kelly's August 3, 2026, Report and Recommendation recommends that the Court dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(b) as frivolous, malicious, or failing to state a claim upon which relief may be granted. Objections to the Report and Recommendation were due by August 20, 2026. No objections were filed, and the Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*,

975 F.2d 81, 91 (3d Cir. 1992)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Here, the Court agrees that Plaintiff's allegations, liberally construed, do not provide sufficient factual support for the claims that he appears to pursue, and further that certain of those

claims appear to be legally barred. Therefore, upon reasoned consideration of Judge Kelly's Report and Recommendation, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to this case. Plaintiff's Amended Complaint, ECF No. 8, as supplemented by the initial Complaint, ECF No. 7, is dismissed. To the extent that Plaintiff raises Eighth Amendment claims, he is granted leave to file a second amended complaint addressing the deficiencies detailed in Judge Kelly's Report and Recommendation. If appropriate, Plaintiff shall file his amended complaint within 30 days. Failure to timely file an amended complaint will result in dismissal of this action with prejudice. To the extent that Plaintiff raises claims for damages against prison staff in their official capacity, or against RHU itself, such claims are dismissed with prejudice. Further, to the extent that Plaintiff seeks to bring a Fourteenth Amendment due process claim regarding lost property, such claims are dismissed without prejudice to Plaintiff refiling such claims in state court, if appropriate.

BY THE COURT:

/s/*Robert J. Colville*_______
Robert J. Colville
United States District Judge

DATED: September 2, 2026

cc:

Stanley Herring
QR-0631
SCI Greene
169 Progress Drive
Waynesburg, PA 15370